**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Kelley, on behalf of himself and all other plaintiffs similarly situated known and unknown, | ) ) ) | Case No.:18 CV -1251 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| Schumacker Electrical,. and Robert Schumacker, individually, | ) ) | Magistrate Judge: |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Michael Kelley, ("Kelly") individually and on behalf of persons similarly situated, state as follows as his Collective Action Complaint against Schumacker Electrical ("SE"), and Robert Schumacker, individually ("Schumacker" and collectively with "SE" referred to as "Defendants"):

### Nature of the Action

1. Plaintiff brings this claim for minimum wages and overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay minimum wages and overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks, for Defendants' refusal to pay employees their full wages within the time period required by law and/or failure to pay wages in any amount or any time. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages, minimum wages

1

and/or overtime wages. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

**Parties**

2.      Plaintiff is a citizen of Illinois who was former employee of Defendants.

3.      Defendant SE is an business operating in Illinois and located in part in Clarendon Hills, Illinois.

4.Upon information and belief, Robert Schumacker is the owner of SE and is responsible for the pay rates, terms, and conditions of Plaintiff's employment and directly responsible for failing to pay Plaintiff and Collectives wages (minimum wages, agreed wages and overtime wages).

**Jurisdiction and Venue**

5.      Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6.      Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

7.Defendant's operations exceed sales of $500,000.00.

8.Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

9.Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms,

2

bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

10.Here Plaintiff used numerous items that moved in interstate commerce including electrical equipment, tools and supplies from many other states and overseas.

11. Upon information and belief Defendants also sold numerous items in Commerce as Defendants in the business of construction, thus Defendants purchased items in the stream of commerce and sold them to their customers.

12., Defendants' sales being sufficient for Federal Jurisdiction is demonstrated by Defendants employing up to twenty employees at one time while Plaintiff worked for Defendants.

## Factual Allegations

7.      Plaintiff was employed by Defendants as an "Electrical Employee.

8.       Plaintiff worked for Defendant for approximately four and a half months in 2017.

9.      Plaintiff was paid on an hourly basis.

10.      Plaintiff was paid $19.00 per hour, for ALL hours of work, overtime work and straight time work was paid at $19.00 per hour.

11.thus for all of Plaintiffs work time Plaintiff is owed half-time for the failure to pay overtime at an overtime rate of pay.

12. Defendants failed to pay all its employees for overtime work at an overtime rate of pay, rather paid overtime work of its employees at straight time wage rates.

13.Plaintiff often worked over 40 hours per week, but he is not paid at a rate of time-and-one-half for all hours worked over forty, rather Defendants paid Plaintiff and the Collective straight wages for all overtime work.

14. Defendant also failed to pay Plaintiffs' last pay check, thus paid Plaintiff no wages whatsoever for many hours of work, thus owes Plaintiff minimum wages and/or overtime wages for this last check.

15. Plaintiff worked and reported the following hours in his last week of work:

    15.a.      Monday 8 hours

    15.b.      Tuesday 8 hours

    15.c.      Wednesday 10 hours

    15.d.      Thursday 9 hours

    15.e.      Friday 8 hours

16.     Thus in Plaintiff's last week of work, August 7-11 2017, Plaintiff worked a total of 43 hours.

    16.a.      In Plaintiff's last week of work Plaintiff worked 40 hours of regular time

    16.b.      In Plaintiff's last week of work Plaintiff Plaintiff worked 3 hours of overtime

17.     Plaintiff was not paid any wages whatsoever, thus Plaintiff is owed minimum wages, Agreed-to wages, and overtime wages for the work week of August 7-11, 2017.

**<u>Collective Allegations</u>**

18.Plaintiff seeks to prosecute his FLSA claims as a collective on behalf of all Defendant employees in the State of Illinois within the three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation

for such time andor for all employees not paid for their work time, typically the employees last paycheck.

19.    Plaintiff and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendants' not paying overtime for hours worked.

20.    Plaintiff and other similarly situated employees were not exempt from overtime pay.

21.    At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) within a workweek andor for all employees not paid for their work time, typically the employees last paycheck.

22.    Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked andor for all employees not paid for their work time, typically the employees last paycheck.

23.    The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

24.    Plaintiff reported his work hours via text message to Defendants, thus Defendants text messages are relevant and discoverable as well as Defendants contact list, phone numbers

called for the last three years, for discovery of members of the Collective. (as Defendant likely did not maintain records.

25.     Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

### COUNT I - OVERTIME DUE UNDER THE FLSA
**(Fair Labor Standards Act)**
**(Plaintiff Individually And On Behalf of all Non-Management Employees**
**Pursuant to 29 U.S.C. § 216)**

26.     All Paragraphs of this Complaint are hereby incorporated into this Count of the Complaint as re-alleged as if fully set forth herein.

27.     At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-learned professional employees within the meaning of the FLSA.

28.     Defendants have a policy and practice of not paying overtime and or andor for all employees not paid for their work time, typically the employees last paycheck.

29.     Defendants' failure to pay Plaintiff and similarly situated members of the proposed class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek andor for all employees not paid for their work time, typically the employees last paycheck are violations of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31.     Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are

6

entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II – OVERTIME DUE UNDER THE IMWL**
**(Illinois Minimum Wage Law)**
**(Plaintiff Individually Against All Defendants)**

32.     All Paragraphs of this Complaint are hereby incorporated into this Count of the Complaint as re-alleged as if fully set forth herein.

33.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

34.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of forty (40) hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

35.     During the 3 years prior to the filing of this Complaint, Plaintiff was regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but was not compensated for such overtime work andor for all employees not paid for their work time, typically the employees last paycheck.

36.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

37.     As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff has been damaged in that she has not received wages due to her pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff;

B.     A declaratory judgment that Defendants' violations of the IMWL were willful;

C.     A judgment to Plaintiff in the amount of unpaid overtime;

D.     A judgment to Plaintiff of punitive damages as provided by IMWL;

E.     A judgment to Plaintiff of reasonable attorneys' fees;

F.     Costs incurred in filing this action; and

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT III – FAILURE TO PAY MINIMUM WAGE
### (Fair Labor Standards Act)
### (Plaintiff Individually And On Behalf of all Non-Management Employees
### Pursuant to 29 U.S.C. § 216)

38.     All Paragraphs of this Complaint are hereby incorporated into this Count of the Complaint as re-alleged as if fully set forth herein.

39.     At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

40.     Defendants' failure to pay Plaintiff and similarly situated members of the proposed class compensation at a rate not less than the minimum wage is a violation of the FLSA, in particular, 29 U.S.C. § 206(a)(1).

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42.     Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid compensation, and an additional amount equal as

liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IV – FAILURE TO PAY MINIMUM WAGE
### (Illinois Minimum Wage Law)
### (Plaintiff Individually Against All Defendants)

43.     All Paragraphs of this Complaint are hereby incorporated into this Count of the Complaint as re-alleged as if fully set forth herein.

44.     This count arises from Defendants' violation of the minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

45.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked.  Compensation must be paid at a rate of not less than $8.25 per hour.

46.     Defendants willfully, knowingly and/or recklessly violated the IMWL which requires compensation to be paid to non-exempt employees

47.     As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A declaratory judgment that Defendants have violated the minimum wage provisions of the IMWL as to the Plaintiff;

B.     A declaratory judgment that Defendants' violations of the IMWL were willful;

C.     A judgment to Plaintiff in the amount of unpaid wages;

D.     A judgment to Plaintiff of punitive damages as provided by IMWL;

E.     A judgment to Plaintiff and the Class of reasonable attorneys' fees;

F.     Costs incurred in filing this action; and

G.     Such other and further relief as this Court deems appropriate and just.

## FIRST CLAIM

### Individual Plaintiff's Claims Against Defendants
### Under Illinois Wage Payment and Collection Act "IWPCA"

48.Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

49.Plaintiff were employed by Defendant an employee.

50.\The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

51.Plaintiffs bring their claims for relief pursuant to the IWPCA as a class action for all employees who were, are, or will be employed by Defendants during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint of this action through the date of judgment in this action, who were improperly not paid all wages due.

52.IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiff.

53.This cause of action arises out of employment contracts; written and/or oral.

54.Plaintiffs are or were employed by Defendant as a warehouse employees.

55.The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

11

56. Upon information and belief, all class employees of the Defendant had the same policies imposed upon all its warehouse employees.

57. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

58. Plaintiff is not an independent contractor, rather is an employee of the Defendant by oral agreement and/or written contract.

59. Plaintiff employment was in the usual course of business for which such service is performed.

60. Plaintiffs do not possess a proprietary interest in the Defendant.

61. The Defendant is an "employer" under the terms of the IWPCA section 2.

62. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.                                                       Respectfully submitted,


                                              By:/s/ John C. Ireland_____
                                              Plaintiff's Attorney

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL      60177
630-464-9675     Fax 630-206-0889
attorneyireland@gmail.com

dated: February  19, 2018